

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 4 2005

CLERK, U.S. DISTRICT COURT
By_____
Deputy

EGYPTIAN GODDESS, INC.,          §
                                 §
        Plaintiff,               §
                                 §
v.                               §        Civil Action No. 3:03-CV-0594-N
                                 §
SWISA, INC., *et al.*,           §
                                 §
        Defendants.              §

## ORDER

Before the Court is Plaintiff Egyptian Goddess, Inc.'s ("EGI") motion for claim construction, pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). The Court holds that points of novelty should not be addressed as a matter of law at the claim construction stage. The Court also holds that none of the salient design features of the nail buffer are functional. Finally, and perhaps most important, the Court construes the design at issue as having three sides with abrasive surfaces and a fourth side with no abrasive surface.

EGI is the holder of United States Design Patent D467,389 (the "Buffer Patent"). The Buffer Patent claims "[t]he ornamental design for a nail buffer, as shown and described." A nail buffer apparently is an implement that a manicurist, for example, would utilize in giving a nail manicure to a customer. EGI claims in this action that Swisa, Inc. ("Swisa") sells a product that infringes on the Buffer Patent. In the instant motion, the parties devote

ORDER – PAGE 1

the bulk of their briefing to points of novelty and functionality, with strangely little said about claim construction.

The point of novelty issue has been clarified by *Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371 (Fed. Cir. 2004). As here, the parties in *Bernhardt* disagreed on whether points of novelty should be considered at claim construction or at infringement. "Finding that the points of novelty issue was a question for the fact finder, the [district] court postponed a determination of the points of novelty until trial." *Id.* at 1375. The Federal Circuit did not expressly address this holding. However, it did address "the question, 'What evidence must be presented to prove infringement under the point of novelty test?'" *Id.* at 1383. By framing the issue in that manner, the Federal Circuit was at least implicitly holding that the district court correctly determined that the point of novelty test was a question of fact for the fact finder when considering infringement, and not a matter to be addressed by the Court at claim construction. This Court will likewise decline to address points of novelty at claim construction. *Accord Lamps Plus, Inc. v. Dolan*, 2003 WL 22435702, *4 (N.D. Tex. 2003).[1]

The Court must now construe the claim of the Buffer Patent. In doing this, the Court is guided by *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 (Fed. Cir. 1996):

> In the design patent context, however, the judge's explanation of the decision is more complicated because it involves an additional level of abstraction not required when comprehending the matter claimed in a utility

---

[1]This holding does not mean that a court could not in an appropriate case determine points of novelty as a matter of law on an appropriate record at summary judgment.

patent. Unlike the readily available verbal description of the invention and of the prior art that exists in a utility patent case, a design patent case present the judge only with visual descriptions. Given the lack of a visual language, the trial court must first translate these visual descriptions into words – *i.e.*, into a common medium of communication.[2] From this translation, the parties and appellate courts can discern the internal reasoning employed by the trial court to reach its decision as to whether or not a prior art design in basically the same as the claimed design.

_____
[2]When properly done, this verbal description should evoke the visual image of the design.

Although *Durling* was not decided in the context of claim construction, many courts have

applied its teaching to claim construction of design patents. *See, e.g., Lamps Plus, supra,* at

*3; *Minka Lighting, Inc. v. Craftmade Int'l, Inc.,* 2001 WL 1012685, *20 (N.D. Tex. 2001);

*Bernhardt L.L.C. v. Collezione Europa USA, Inc.,* 2003 WL 21254634, *1 (M.D.N.C. 2003),

*rev'd on other grounds,* 386 F.3d 1371 (Fed. Cir. 2004). Accordingly, the Court will attempt

to translate the visual descriptions of the drawings in the Buffer Patent into words that evoke

the visual image of the design.

The Court construes the Buffer Patent as claiming:

A hollow tubular frame of generally square cross section, where the square has sides of length S, the frame has a length of approximately 3S, and the frame has a thickness of approximately $T = 0.1S$; the corners of the cross section are rounded, with the outer corner of the cross section rounded on a 90 degree radius of approximately 1.25T, and the inner corner of the cross section rounded on a 90 degree radius of approximately 0.25T; and with rectangular abrasive pads of thickness T affixed to three of the sides of the frame, covering the flat portion of the sides while leaving the curved radius uncovered, with the fourth side of the frame bare.

The Court must next consider whether any of the design features are functional.

We apply a stringent standard for invalidating a design patent on grounds of functionality: the design of a useful article is deemed functional where "the appearance of the claimed design is 'dictated by' the use or purpose of the article." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993) (citing *In re Carletti*, 328 F.2d 1020, 1022 (C.C.P.A. 1964)). "[T]he design must not be governed solely by function, i.e., that this is not the only possible form of the article that could perform its function." *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1368 (Fed. Cir. 1999). "When there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose." *L.A. Gear*, 988 F.2d at 1123 (citations omitted). That is, if other designs could produce the same or similar functional capabilities, the design of the article in question is likely ornamental, not functional.

*Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373, 1378 (Fed. Cir. 2002).

[T]he utility of each of the various elements that comprise the design is not the relevant inquiry with respect to a design patent. In determining whether a design is primarily functional or primarily ornamental the claimed design is viewed in its entirety, for the ultimate question is not the functional or decorative aspect of each separate feature, but the overall appearance of the article, in determining whether the claimed design is dictated by the utilitarian purpose of the article.

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993) (citations

omitted).

Here Swisa has not shown that the appearance of the Buffer Patent is dictated by its

utilitarian purpose. Swisa argues that the gap between the abrasive pads is required to

prevent damage to the cuticle. But, Swisa has not made a satisfactory showing that damage

would occur without the gap, or that the rounded radius providing the gap is the only way

such a gap could be made, i.e., a flat side separating the pads would also provide a gap

between the abrasive pads. Swisa argues that the hollow tube configuration is functional

because it permits the manicurist to insert a finger in the buffer and control the buffer. But

ORDER – PAGE 4

Swisa has not shown that inserting a finger in the buffer is the only way to control the buffer, nor has it shown that other shapes could not provide the same result, i.e., a cylindrical hollow. Finally, Swisa has not shown that a four-sided block shape is required for a nail buffer. A variety of geometrical shapes could conceivably perform a similar function. Thus, the Court holds that the design of the Buffer Patent is not functional.

Based on the briefing, the Court has the impression that Swisa may view the Court's claim construction as dispositive of the merits of this case. Accordingly, the case is stayed for fourteen days to permit Swisa to file a motion for summary judgment on that basis, if it chooses to do so. If Swisa chooses to file such a motion, the case is stayed pending disposition of that motion.

SIGNED this ___3___ day of March, 2005.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 5