IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EGYPTIAN GODDESS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-0594-N |
| | § | |
| SWISA, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the motion for summary judgment of Defendants Swisa, Inc. and Dror Swisa (collectively, "Swisa") on Plaintiff Egyptian Goddess, Inc.'s ("EGI") claims for infringement of United States Design Patent 467,389 (the "D'389 Patent") for a nail buffer.[1] The Court holds that Swisa's allegedly infringing product does not incorporate the point of novelty of the D'389 Patent – a fourth, bare side to the buffer. Accordingly, the Court grants Swisa's motion without reaching its other noninfringement and obviousness arguments.

### I. BACKGROUND

The designs at issue in this case involve simple geometric shapes – triangles, squares, rectangles, rounded corners. The D'389 Patent is for a fingernail buffer designed to hold

---

[1]This being a device that polishes or buffs the surface of a person's fingernail, e.g., in the course of a manicure.

buffing pads of different abrasiveness in a way that is easy for the manicurist to hold.[2] A page of the drawings from the D'389 Patent is attached as Exhibit "A."

In its Order of March 3, 2005 (the "Markman Order"), the Court construed the D'389 Patent as follows:

> A hollow tubular frame of generally square cross section, where the square has sides of length S, the frame has a length of approximately 3S, and the frame has a thickness of approximately $T = 0.1S$; the corners of the cross section are rounded, with the outer corner of the cross section rounded on a 90 degree radius of approximately 1.25T, and the inner corner of the cross section rounded on a 90 degree radius of approximately 0.25T; and with rectangular abrasive pads of thickness T affixed to three of the sides of the frame, covering the flat portion of the sides while leaving the curved radius uncovered, with the fourth side of the frame bare.

Markman Order at 3. In deference to *Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371 (Fed. Cir. 2004), the Court declined to address points of novelty in the course of claims construction, but noted the possibility that a court could in an appropriate case and appropriate record address points of novelty at summary judgment. Markman Order at 2 n.1. This now appears to be an appropriate case.

## II. POINT OF NOVELTY

A plaintiff in a design patent infringement case must prove both that the accused device is "substantially similar" under the "ordinary observer" test, and that the accused device contains "substantially the same points of novelty that distinguished the patented design from the prior art." *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162

---

[2]This explanation is for background only; the Court is not importing functionality into its design patent analysis.

F.3d 1113, 1121-22 (Fed. Cir. 1998). "The points of novelty relate to differences from prior designs, and are usually determinable based on the prosecution history." *Id.* at 1118. In the context of design patents, "[t]he scope of prior art is not the universe of abstract design and artistic creativity, but designs of the same article of manufacture or of articles sufficiently similar that a person of ordinary skill would look to such articles for their designs." *Hupp v. Siroflex of America, Inc.*, 122 F.3d 1456, 1462 (Fed. Cir. 1997).[3]

Unsurprisingly, the parties disagree as to the points of novelty in the D'389 Patent. EGI identifies four design elements,[4] and then for each element identifies prior art that does not embody that element. Based on this reasoning, EGI claims that the point of novelty of the D'389 Patent is the combination of those four elements. *See, e.g.*, *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1124 (Fed. Cir. 1993); *Rubbermaid Commercial Prods. v. Contico Int'l, Inc.*, 836 F. Supp. 1247, 1258-60 (W.D. Va. 1993). Swisa condemns this as an impermissible "shopping list approach." *See, e.g.*, *Bush Indus., Inc. v. O'Sullivan Indus., Inc.*, 772 F. Supp. 1422, 1452-54 (D. Del. 1991); *Int'l Trading Corp. v. K-Mart Corp.*, 237 F. Supp. 2d 907, 911-13 (N.D. Ill. 2002).

---

[3]*Hupp* used this scope for prior art in an obviousness analysis. Swisa suggests applying it in the points of novelty context also. The Court sees no reason not to follow *Hupp* in the points of novelty context. The fact that infringement is judged from the viewpoint of an ordinary observer intending to purchase the patented object suggests that the pertinent field is that of the patented object, rather than all design. Moreover, so limiting the scope of prior art favors EGI.

[4]The design elements were: (1) open and hollow body; (2) square cross section; (3) raised rectangular pads; and (4) exposed corners. *See* EGI Brief at 20-21.

The Court need not resolve the "combination vs. shopping list" dispute, because here a single prior reference combines all of EGI's alleged design elements, save one. United States Design Patent No. 416,648 (the "Nailco Patent") discloses a nail buffer with an open and hollow body, raised rectangular pads, and open corners. *See* Exhibit "B" (drawings from the Nailco Patent). EGI cannot claim the combination of those three elements in the D'389 Patent as novel when they were already combined in the Nailco Patent. The only point of novelty in the D'389 Patent over the Nailco Patent is the addition of the fourth side without a pad, thereby transforming the equilateral triangular cross-section into a square.[5] In the context of nail buffers, a fourth side without a pad is not substantially the same as a fourth side with a pad. Because the Swisa product does not include the point of novelty of the D'389 Patent – a fourth side without a pad – there is no infringement. Accordingly, the Court grants Swisa's motion for summary judgment.[6]

## CONCLUSION

Swisa's motion is not entirely clear which claims and causes of action it intends to address in its motion. EGI originally sued Swisa for infringement. Swisa asserted a reflexive counterclaim for declaratory judgment. Swisa then joined Torkiya as a third-party defendant

---

[5]Swisa appears to count this as two points of novelty (fourth bare side and square cross section), *see* Swisa Reply Brief at 11, apparently allowing for the possibility that the fourth side might be a different length or joined at other than a right angle. Because all of the prior art cited to the Court has involved regular polygons, the Court tends to discount that possibility. In any event, whether it is counted as one or two points of novelty is immaterial to the analysis.

[6]Given the Court's finding of no infringement, it need not reach Swisa's invalidity argument.

ORDER – PAGE 4

to its declaratory judgment claims. It appears to the Court that this ruling probably resolves all matters presently in dispute among the parties, but that may not be correct. Accordingly, the Court directs the parties to confer regarding the possibility of an agreed form of judgment consistent with this Order, and if agreement is not possible, to promptly place before the Court any other matters that must be resolved prior to entry of a final judgment.

SIGNED December 14, 2005.

_____
David C. Godbey
United States District Judge

U.S. Patent    Dec. 17, 2002    Sheet 1 of 3    US D467,389 S



FIG. 1

Exhibit "A" – the D'389 Patent



Exhibit "B" – The Nailco Patent

ORDER – PAGE 7